**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2826
_____

TERRENCE A. COLBERT; HAL H. HARRIS

v.

ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, "Allstate";
DEBRA COLUCCI, individual and Allstate Agent

TERRENCE A. COLBERT,
                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:20-cv-01066)
District Judge:  Honorable Joseph F. Saporito, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 9, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: July 22, 2026)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se litigant Terrence Colbert appeals in this insurance-related action, in which the District Court dismissed some of his claims and later granted summary judgment against him with respect to his remaining claims. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2020, Colbert filed a complaint against Allstate Property and Casualty Insurance Company ("Allstate") and Allstate agent Debra Colucci (hereinafter collectively referred to as "Appellees") in the District Court, invoking that court's diversity jurisdiction under 28 U.S.C. § 1332(a).[1] The complaint, which stemmed from Allstate's denial of an insurance claim that Colbert had brought under a homeowner's insurance policy for a Pennsylvania residence, raised the following causes of action: breach of contract, negligent misrepresentation, bad faith, civil conspiracy, unfair and deceptive trade practices, and unjust enrichment. Appellees subsequently moved to

---

[1] Colbert filed the complaint with a co-plaintiff, Hal Harris. But Harris filed a notice of voluntary dismissal (as to himself only) early in the proceedings, before the District Court adjudicated any of the claims in the complaint. Although diversity jurisdiction was lacking when Harris was a party (because he and Colucci were citizens of the same state, *see Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 870 (3d Cir. 2022)), that jurisdictional defect was cured upon Harris's dismissal. Accordingly, the District Court properly exercised its diversity jurisdiction in this case. *Cf. CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 381 n.6 (3d Cir. 2004) ("[I]t is well established that courts . . . have the power under [Federal Rule of Civil Procedure] 21 to dismiss dispensable parties to the suit in order to preserve diversity."). And in adjudicating this diversity case, the District Court properly applied Pennsylvania substantive law. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022).

dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In August 2021, a United States Magistrate Judge issued a report recommending that the District Court grant the motion in part and deny it in part.[2] The report determined that the breach-of-contract claim was subject to dismissal because it was filed after the expiration of the one-year limitations period set forth in the insurance policy, that the unjust-enrichment claim was subject to dismissal under the gist-of-the-action doctrine,[3] and that the remaining claims should be allowed to proceed. Appellees objected to the report. In September 2021, the District Court overruled those objections and adopted the report in its entirety.

Colbert's four surviving claims proceeded to discovery, and Appellees later moved for summary judgment. Colbert opposed that motion. In May 2025, the Magistrate Judge issued a report recommending that the District Court grant summary judgment in favor of Appellees as to all four claims. This time, Colbert filed objections. In August 2025, the District Court overruled those objections, adopted the May 2025

---

[2] To the extent that Colbert contends that 28 U.S.C. § 636(b)(1)(B) requires the parties' consent for a Magistrate Judge to be able to issue a report and recommendation, he is mistaken. It is subsection (c)(1) of § 636, not subsection (b)(1)(B), that requires the parties' consent, *see* 28 U.S.C. § 636(b)(1)(B), (c)(1); *Prater v. Dep't of Corr.*, 76 F.4th 184, 194 (3d Cir. 2023) (discussing these provisions). And subsection (c)(1) does not concern Magistrate Judge reports; rather, it concerns the circumstances under which a Magistrate Judge effectively sits as the District Court and decides dispositive matters. *See Prater*, 76 F.4th at 194-95. Those circumstances were not present in this case.

[3] "Under Pennsylvania law, the gist of the action doctrine prevents a purely contractual duty from serving as the basis for a tort claim." *SodexoMAGIC, LLC*, 24 F.4th at 216 (citing *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 65 (Pa. 2014)).

report in its entirety, and directed the District Court Clerk to enter judgment in favor of Appellees and close the case. This timely appeal followed.[4]

## II.

Colbert's appellate brief does not contest the District Court's dismissal of his unjust-enrichment claim under the gist-of-the-action doctrine, nor does his brief mention his claims for negligent misrepresentation, civil conspiracy, and unfair and deceptive trade practices. Accordingly, we deem those issues forfeited. *See In re LTC Holdings, Inc.*, 10 F.4th 177, 181 n.1 (3d Cir. 2021) (noting that "arguments not developed in an appellant's opening brief are forfeited" (citing *In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016))); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 n.5 (3d Cir. 2002) (per curiam) (applying this rule to a pro se appeal). Additionally, to the extent that his brief challenges discovery-related orders issued by the Magistrate Judge, those orders are not properly before us because Colbert did not appeal those orders to the District Court in the first instance. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 246 (3d Cir. 1998) ("[U]nless exceptional circumstances exist, a party may not obtain relief in this court without making an objection and seeking review of the magistrate judge's order in the district court.").[5] Accordingly, our review is limited to Colbert's breach-of-contract claim (which was dismissed as untimely) and his bad-faith claim (which was

---

[4] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[5] No exceptional circumstances exist in this case.

rejected on the merits at the summary-judgment stage).[6]  As explained below, Colbert is not entitled to relief on either of these claims.

The insurance policy at issue here included a provision precluding any action "in any way related to the existence or amount of coverage . . . unless . . . the action is commenced within one year after the inception of loss or damage."  Suppl. App. at 103. Because Colbert did not file this action until nearly six years after sustaining the loss in question, we agree with the District Court's decision to dismiss his breach-of-contract claim as untimely.[7]  As for Colbert's bad-faith claim, the District Court construed this claim as being brought under 42 Pa. Cons. Stat. Ann. § 8371 (a construction that Colbert does not dispute).  To prevail on a section 8371 claim, "the plaintiff must present *clear and convincing* evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis."  *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017) (emphasis added).  Having carefully reviewed the record and the parties' arguments, we cannot conclude that there is sufficient evidence in the record for a jury to

---

[6] We exercise plenary review over the District Court's adjudication of these two claims. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) (applying this standard to claims adjudicated at motion-to-dismiss stage); *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017) (applying this standard to claims adjudicated at summary-judgment stage).

[7] For substantially the reasons set forth in the Magistrate Judge's August 2021 report, which the District Court adopted, the District Court did not err in rejecting Colbert's arguments that Appellees had waived, or were estopped from invoking, that contractual limitations provision.  To the extent that Colbert has preserved any other arguments related to the District Court's timeliness analysis, those arguments are unpersuasive.

reasonably find that Colbert has met this exacting standard.  Accordingly, we agree with the District Court's decision to grant summary judgment against Colbert on his bad-faith claim.  *See Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (explaining that summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant").[8]

In view of the above, we will affirm the District Court's judgment.[9]  Although we deny Appellees' motion to strike Colbert's brief for non-compliance with certain procedural rules, we write further here to highlight other troubling aspects of Colbert's brief.  On at least four occasions, Colbert quotes language that is not actually contained in the cited case.  *See* Colbert's Br. 12, 17, 26, and 28.  He also cites to a case that does not appear to exist, *see id.* at 17, and there are instances in the brief where the stated legal

---

[8] Colbert's insurance claim was for the loss of his personal property, which had been taken from the covered residence without his permission by Leticia Couttien (Harris's ex-girlfriend/ex-fiancée).  Allstate denied Colbert's claim because Couttien was listed as an insured on the policy and the policy contained an exclusion provision stating that it did not cover theft committed by someone who was listed as an insured on the policy.  Although Colbert argues that Couttien should no longer have been listed as an insured at the time of the loss, Colbert has failed to put forth clear and convincing evidence that would allow a reasonable jury to find that (1) Allstate's invocation of the exclusion provision was not reasonable, and (2) Allstate knew of, or recklessly disregarded, its lack of a reasonable basis.  *See Rancosky*, 170 A.3d at 365.

[9] Colbert argues that the District Court failed to apply the proper standard of review to the Magistrate Judge's reports.  But this argument does not entitle Colbert to any relief here.  Indeed, even if we were to assume for the sake of argument that the District Court did err in this regard, that error would be harmless because, under plenary review, we have concluded that Colbert's breach-of-contract claim was time-barred and his bad-faith claim could not survive summary judgment.  *See generally* 28 U.S.C. § 2111 ("On the hearing of any appeal . . ., the court shall give judgment after an examination of the record without regard to errors or defects which do not affect the substantial rights of the parties.").

proposition is not supported by the case that he cites, *see, e.g.*, *id.* at 5. Although we recognize that Colbert is proceeding pro se, that status does not give him license to include false or misleading content. We warn Colbert that he could face the possibility of sanctions if he includes such content in a future filing in this Court.